IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY B. EZEBUIROH, #19059152, ) | |
| MATTHEW S. WOODS, #20061094, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 20-cv-00348-JPG |
| ) | |
| KENNY BENZING, ) | |
| ALLISON ALEXANDER, ) | |
| JOHN DOE 1, ) | |
| and JOHN DOE 2, ) | |
| ) | |
| Defendants. ) | |

**ORDER SEVERING CASE**

**GILBERT, District Judge:**

Plaintiff Jerry Ezebuiroh and Matthew Woods, two inmates at Marion County Law Enforcement Center ("Jail"), bring this action under 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiffs claim that Jail Administrator Kenny Benzing, Nurse Allison Alexander, John Doe 1, and John Doe 2 caused numerous violations of their constitutional rights. (*Id.*). Ezebuiroh and Woods filed separate Motions for Leave to Proceed *in forma pauperis*. (Docs. 5, 10, and 13). However, only Ezebuiroh signed the Complaint and Motion for Recruitment of Counsel. (Docs. 1 and 2).

This matter is before the Court for review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). Before the Court screens the Complaint, however, it must first determinate whether any claims are improperly joined in this action and subject to severance. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

1

## **The Complaint**

The allegations in the Complaint describe the following violations of Ezebuiroh's constitutional rights (Doc. 1, pp. 8-12): (1) a claim for the denial of medical care against non-parties (including "a wom[a]n c.o. officer," "Eeding," and "nurse's") who ignored Plaintiff's complaints of body pain, a runny nose, and dark/painful urination on March 16-17, 2020 (*Id.* at p. 8); (2) a claim for unconstitutional conditions of confinement against a "c.o. officer" and Jail Administrator Benzing for forcing Plaintiff to live in a cell with blood- and feces-stained walls and a moldy mat on March 18, 2020 (*Id.* at p. 9); (3) a retaliation claim against John Doe 2 for threatening Plaintiff with harm for filing lawsuits on March 6, 2020 (*Id.* at p. 10); (4) a claim of discrimination or retaliation against the nurse for ordering an x-ray for Wood, but not Ezebuiroh, on April 4, 2020 (*Id.* at p. 11); and (5) a claim for denial of mental health treatment against unidentified officers (*Id.* at p. 12).

The allegations in the Complaint describe the following violations of Woods' constitutional rights (Doc. 1, pp. 10-13): (1) a claim against the nurse and jail administrator for pressuring Woods to write a false statement against Ezebuiroh on March 9, 2020 (*Id.* at p. 10); (2) a retaliation claim against unidentified officers who placed Woods on suicide/homicide watch because they were mad at Woods for speaking with Ezebuiroh in March 2020 (*Id.* at p. 11); and (3) a claim for retaliation and assault against unidentified officers, a nurse, and Jail Administrator Benzing for assaulting Woods after he told the nurse he was suicidal on April 3, 2020 (*Id.* at pp. 12-13).

In addition, the Complaint describes discriminatory and retaliatory action taken against two inmates who are not named as parties to this action. (Docs. 1, pp. 14-15). Accordingly, the claims involving non-parties should be considered dismissed without prejudice. *Myles v. United States*,

416 F.3d 551, 551-52 (7th Cir. 2005) (to be considered a party, a defendant must be "specif[ied] in the caption").

### Severance

Plaintiff Ezebuiroh and Woods cannot bring their claims together in one lawsuit for several reasons. First, Ezebuiroh is the only individual who authored or signed the Complaint. (Doc. 1, p. 16). Second, Ezebuiroh brings miscellaneous claims for constitutional deprivations on behalf of himself that are unrelated to miscellaneous claims asserted on behalf of Woods. (Doc. 1, pp. 8-13). The claims asserted on behalf of each Plaintiff involve different defendants, separate transactions or occurrences, few common questions of fact, and distinct legal theories. They cannot proceed together in the same suit. *See* FED. R. CIV. P. 18, 20(a)(2).

District courts must apply Rule 20 of the Federal Rules of Civil Procedure to prevent improperly joined parties from proceeding together in the same case. *George*, 507 F.3d at 607. Rule 21 of the Federal Rules of Civil Procedure grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). The Court will exercise its discretion and sever the claims brought by Woods into a separate suit.

The Clerk will be directed to open a newly-severed case naming Woods as the only plaintiff. Woods will be responsible for paying the filing fee in the severed case, *but not this case*. Woods can avoid the obligation to pay a filing fee altogether, only by timely advising the Court that he does not wish to proceed with the severed action. Further, Woods must prepare, sign, and file a First Amended Complaint in the newly-severed action by the same deadline, if he wishes to proceed with the newly-severed case. Failure to timely advise the Court of his intentions *and* file

a properly signed First Amended Complaint provide grounds for dismissal of the severed action for failure to comply with a court order and/or to prosecute his claims. *See* FED. R. CIV. P. 41(b).

This case will focus only on Ezebuiroh's claims. A separate Order addressing these claims will be entered.

**Disposition**

**IT IS ORDERED** that **ALL CLAIMS** involving Plaintiff **WOODS** are **SEVERED** into a new case, which shall be captioned: **MATTHEW S. WOODS, #20061094, Plaintiff vs. KENNY BENZING, ALLISON ALEXANDER, JOHN DOE 1, and JOHN DOE 2, Defendants.**

The Clerk is **DIRECTED** to file the following documents in the newly-severed case:

1) The Complaint (Doc. 1);
2) Plaintiff Matthew Woods' Motion for Leave to Proceed *in forma pauperis* (Doc. 13);
3) This Memorandum and Order Severing Case.

On or before **June 18, 2020**, Plaintiff Woods is **ORDERED** to file a properly signed "First Amended Complaint" in the severed action.[1] Should he fail to file an amended complaint within the allotted time or consistent with the instructions in this Order, the entire case may be dismissed with prejudice for failure to comply with a court order and/or prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal may also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g). It is strongly recommended that Plaintiff use the

---

[1] An amended complaint generally supersedes and replaces prior versions, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff Woods must re-file any exhibits he wishes the Court to consider. The Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for the newly-severed action. To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS ORDERED** that Plaintiff **MATTHEW WOODS** is **DISMISSED** with prejudice from this action, and the Clerk of Court is **DIRECTED** to **TERMINATE** this Plaintiff as a party to *this action* in CM/ECF.

**IT IS ORDERED** that the pending Motion for Leave to Proceed *in forma pauperis* filed by Matthew S. Wood (Doc. 13) and Motion to Identify Jane Doe (Doc. 11) are **DISMISSED** as **MOOT**. Plaintiff Woods' IFP Motion will be addressed in the severed case, and Plaintiff Ezebuiroh's Motion to Identify Jane Doe is unnecessary because there is no "Jane Doe" to identify in the case caption of the Complaint.

The **only claims remaining in this action** are **ALL CLAIMS** asserted by Plaintiff **EZEBUIROH** against Defendants **KENNY BENZING, ALLISON ALEXANDER, JOHN DOE 1, and JOHN DOE 2**. The Clerk of Court is **DIRECTED** to modify the case caption as follows: **JERRY B. EZEBUIROH, Plaintiff vs. KENNY BENZING, ALLISON ALEXANDER, JOHN DOE 1, and JOHN DOE 2, Defendants.** The Court will enter a separate Screening Order pursuant to 28 U.S.C. § 1915A in this case.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal for want of prosecution.

FED. R. CIV. P. 41(b).

     **IT IS SO ORDERED**.

     **DATED: 5/14/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
