# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JERRY B. EZEBUIROH, #19059152, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-01042-JPG |
| | ) | |
| JAIL ADMINISTRATOR JOHN DOE, and MARION COUNTY SHERIFF, | ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| JERRY B. EZEBUIROH, #19059152, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-00203-JPG |
| | ) | |
| ALLISON ALEXANDER, JANE DOE 2, JANE DOE 3 and JANE DOE 4, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| JERRY B. EZEBUIROH, #19059152, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-00228-JPG |
| | ) | |
| ALLISON ALEXANDER and MARION COUNTY SHERIFF, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| JERRY B. EZEBUIROH, #19059152, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-00348-JPG |
| | ) | |
| KENNY BENZING, ALLISON ALEXANDER, JOHN DOE 1 and JOHN DOE 2, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

1

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint filed on July 29, 2020. (*See* Doc. 54). Plaintiff Jerry Ezebuiroh is currently a pretrial detainee at Marion County Law Enforcement Center ("Jail"), and he filed the First Amended Complaint with the assistance of court-recruited counsel. (*Id.*). Plaintiff seeks leave to consolidate all of his pending cases, in addition to at least one closed case, in an amended complaint against "John Doe, et al." for miscellaneous violations of his constitutional rights. (*Id.* at 1-7). He requests injunctive, declaratory, and monetary relief. (*Id.* at 6).

Plaintiff is well-known to this Court. In the past two years, he has filed fifteen (15) lawsuits against Marion County Law Enforcement Center officials pursuant to 42 U.S.C. § 1983.[1] He filed fourteen (14) cases in the past year alone. The undersigned Judge is presiding over all of them. To date, five (5) cases have been closed,[2] and ten (10) are currently pending.[3] The Court has assigned attorneys to represent Plaintiff in several of these matters.[4]

---

[1] Plaintiff has brought the following **FIFTEEN (15) CASES** in this District: No. 18-cv-01312-JPG (filed June 22, 2018) (dismissed with a "strike" Aug. 9, 2018); No. 19-cv-00729-JPG (filed July 8, 2019) (still pending); No. 19-cv-01043-JPG (filed Sept. 25, 2019) (dismissed as duplicative of No. 19-cv-00729-JPG); No. 20-cv-00135-JPG (filed Feb. 3, 2020) (pending); No. 20-cv-00157-JPG (filed Feb. 10, 2020) (pending); No. 20-cv-00164-JPG (voluntarily dismissed March 17, 2020); No. 20-cv-00165-JPG (voluntarily dismissed March 17, 2020); No. 20-cv-00205-JPG (filed Feb. 21, 2020) (pending); No. 20-cv-00256-JPG (filed March 9, 2020) (dismissed with a "strike" June 30, 2020); No. 20-cv-00442-JPG (filed May 13, 2020) (pending); No. 20-cv-00730-JPG (filed July 28, 2020) (pending), **as well as the** four (4) cases consolidated herein (No. 20-cv-00-348-JPG, No 20-cv-00228-JPG, No. 20-cv-00203-JPG, and No. 19-cv-01042-JPG).

[2] The following **FIVE (5) CASES** have been **CLOSED**: No. 18-cv-01312-JPG (dismissed with a "strike" Aug. 9, 2018); No. 19-cv-01043-JPG (dismissed as duplicative of No. 19-cv-00729-JPG); No. 20-cv-00164-JPG (voluntarily dismissed March 17, 2020); No. 20-cv-00165-JPG (voluntarily dismissed March 17, 2020); and No. 20-cv-00256-JPG (dismissed with a "strike" June 30, 2020).

[3] The following **TEN (10) CASES** are currently **PENDING**: No. 19-cv-00729-JPG; No. 19-cv-01042-JPG; No. 20-cv-00135-JPG; No. 20-cv-00157-JPG; No. 20-cv-00203-JPG; No. 20-cv-00205-JPG; No 20-cv-00228-JPG; No. 20-cv-00-348-JPG; No. 20-cv-00442-JPG; No. 20-cv-00730-JPG.

[4] Plaintiff has been **ASSIGNED COUNSEL** in the following cases: lead consolidated No. 20-cv-00348-JPG (which includes three (3) member cases) and No. 19-cv-00729-JPG.

After surveying all of Plaintiff's open cases in May 2020, this Court determined that four (4) should be consolidated into a single case because the four matters share common defendants and common questions of law and/or fact.  *See* FED. R. CIV. P. 42.  In each, Plaintiff brought claims for the denial of medical care, denial of mental health treatment, unconstitutional conditions of confinement, and retaliation against Sheriff Rich Stevenson, Jail Administrator Kenny Benzing, Nurse Allison Alexander, and/or several unknown officers (John Doe 1, John Doe 2, Jane Doe 2, Jane Doe 3, and Jane Doe 4).  On May 14, 2020, the Court entered an Order Consolidating Cases, designating Case 20-cv-00348-JPG as the "lead consolidated case" and *Ezebuiroh v. Doe, et al.*, Case No. 19-cv-01042-JPG, *Ezebuiroh v. Doe 1, et al.*, Case No. 20-cv-00203-JPG, and *Ezebuiroh v. Doe 1*, Case No. 20-228-JPG as the three member cases.  Attorney Lee Barron represents Plaintiff in connection with the consolidated cases.

Plaintiff was given additional time to prepare and file a single First Amended Complaint in Lead Case 20-cv-00348-JPG that encompasses Plaintiff's claims against the defendants in the four consolidated cases.[5]  On June 24, 2020, Plaintiff filed a First Amended Complaint against "Plaintiff" (instead of defendants) that consolidated this matter with several open and closed cases (not just the four consolidated here).  The Amended Complaint was stricken, and Plaintiff was given additional time to file the Amended Complaint against Defendants along with a *separate* Motion to Consolidate.  (*See* Docs. 51 and 52).  Plaintiff responded by filing a First Amended Complaint on July 29, 2020.  (Doc. 54).

The First Amended Complaint at Doc. 54 is now subject to preliminary review pursuant to 28 U.S.C. § 1915A.  Section 1915A requires the Court to screen prisoner complaints and filter out

---

[5] Plaintiff filed a document that might have served this purpose.  The Second Amended Complaint (Doc. 46) in Case No. 19-cv-01042-JPG asserted miscellaneous constitutional claims against John Doe, Kenny Benzing, Rich Stevenson, and Allison Alexander.

non-meritorious claims.  28 U.S.C. § 1915A(a).  Any portion of the complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## First Amended Complaint

In the First Amended Complaint (Doc. 54), Plaintiff attempts to "consolidate[ ] in one cause of action all prior complaints (excepting those complaints dismissed with prejudice by this Court) filed by plaintiff."  (Doc. 54, pp. 1-7).  He names "John Doe et al." as defendants.  Plaintiff brings claims against them for miscellaneous constitutional deprivations that occurred at Marion County Law Enforcement Center.  Among other things, Plaintiff sues the defendants for unlawfully holding him in solitary confinement, restricting his access to medical care, denying him mental health treatment, denying him access to recreation, subjecting him to unconstitutional conditions of confinement, interfering with his legal mail, and retaliating against him.  (*Id.*).

## Discussion

As presented, the First Amended Complaint does not survive Section 1915A review for at least two reasons.

First, Plaintiff did not identify which additional cases he would like to consolidate in this action.  He generally refers to all pending cases.  However, there are ten (10) total cases now pending, and they do not all share common defendants, common questions of fact, or common questions of law.  Federal Rule of Civil Procedure 42(a) authorizes the court to consolidate actions that "involve a common question of law or fact."  *Id*.  The Court already reviewed all pending cases in May and determined that only four were appropriate for consolidation.  The claims in those cases appeared to be overlapping—in some instances, duplicative—and certainly related to

one another.  The First Amended Complaint should have focused on the four consolidated cases, *i.e.*, Nos. 20-cv-00348, 19-cv-01042, 20-cv-00203, and 20-cv-00228.  Having decided to seek consolidation of additional cases, however, Plaintiff should have filed a separate Motion to Consolidate Additional Cases Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  The Court explicitly instructed him to do so when striking the Amended Complaint filed June 24, 2020.  (Docs. 52 and 53).  He disregarded this instruction.  Alternatively, Plaintiff could have at least identified the additional cases by number in the case caption.  This would have helped the Court understand which additional cases he would like to consolidate and why.  He also did not do this.

Second, Plaintiff did not list each defendant involved in this action in the caption of the First Amended Complaint.  He instead referred to "John Doe *et al.*" in the case caption and identified individual defendants, by name or generically, in the body of the complaint.  When parties are not listed in the caption, this Court will not treat individuals mentioned in the body of the complaint as defendants, and any claims against them will be considered dismissed without prejudice.  *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").  Therefore, Plaintiff must list the names of each defendant in the case caption and then describe what each defendant did, or failed to do, to violate his rights in the body of the complaint.  If he does not know the particular name of a defendant, he may use a generic designation (*e.g.*, Correctional Officer John Doe 1 or Jail Nurse John Doe 2).  However, listing all defendants collectively as "John Doe *et al.*" is not enough because it forces the Court to guess who Plaintiff intended to sue.  Plaintiff is the master of his suit, not the Court.  Therefore, the Court will not waste time guessing who the defendants

are. Under the circumstances, the First Amended Complaint, including all claims against "John Doe, *et al*.," shall be dismissed.

Plaintiff shall be granted leave to file a Second Amended Complaint. Before doing so, he must decide whether he wishes to seek consolidation of any additional cases herein and, if so, file a Motion to Consolidate Additional Cases Pursuant to Rule 42(a). If not, he should focus only on claims and defendants in the four cases that are already consolidated herein. Either way, Plaintiff must list the defendants in the case caption and briefly describe what each individual defendant did (or failed to do) to violate his constitutional rights in the body of the Second Amended Complaint.

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 54) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Plaintiff's embedded Motion to Consolidate Additional Cases Pursuant to Fed. R. Civ. P. 42(a) is **DENIED** without prejudice.

Plaintiff is **GRANTED** leave to file a Second Amended Complaint on or before **September 8, 2020**. To assist him in preparing the Second Amended Complaint, the Clerk's Office is **DIRECTED** to provide Plaintiff's counsel with copies of the First Amended Complaint in this action (Doc. 54) and the Second Amended Complaint (Doc. 46) in Member Case No. 19-cv-01042-JPG.

Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case (including Lead Case 20-cv-00348-JPG and Member Cases 19-cv-01042-JPG, 20-cv-00203-JPG, and 20-cv-00228) shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his

claims.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall also count as "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is reminded that an amended complaint supersedes and replaces all prior versions, rendering them void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  Therefore, the Second Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider along with it.  The Second Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a Second Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED**.

**DATED: 8/11/2020**

s/J. Phil Gilbert  
**J. PHIL GILBERT**  
**United States District Judge**