IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY B. EZEBUIROH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-00348-JPG |
| | ) |
| KENNY BENZING, | ) |
| ANDY GARDEN, | ) |
| RICH STEVENSON, | ) |
| ALLISON ALEXANDER, | ) |
| C/O JOHN DOE 1, | ) |
| C/O JANE DOE 1, | ) |
| and C/O JOHN/JANE DOE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the Third Amended Complaint filed by Plaintiff Jerry B. Ezebuiroh on November 18, 2020. (Doc. 62). This is one of more than a dozen civil rights actions Plaintiff brought pursuant to 42 U.S.C. § 1983 during his detention at Marion County Law Enforcement Center. (*Id*. at pp. 1-10). Four actions were consolidated into this lead case on May 14, 2020.[1] (Doc. 17). Plaintiff was assigned counsel and given an opportunity to file a single amended complaint that sets forth all claims encompassed in the four cases.

---

[1] The Court consolidated the following four cases: *Ezebuiroh v. Doe, et al.*, Case No. 19-cv-01042-JPG, *Ezebuiroh v. Doe 1, et al.*, Case No. 20-cv-00203-JPG, *Ezebuiroh v. Doe 1*, Case No. 20-228-JPG, with *Ezebuiroh v. Benzing, et al.*, Case No. 20-cv-00348-JPG, with Case 20-348 serving as the "lead" consolidated case.

1

On November 18, 2020, Plaintiff filed a Third Amended Complaint. (Doc. 62). There, he seeks consolidation of all prior complaints, except those dismissed with prejudice. (*Id*. at 1). He also seeks declaratory, monetary, and injunctive relief.[2] (*Id*. at 10).

Plaintiff's request to consolidate all prior complaints into this case is denied. He offers no reason for seeking consolidation. Rule 42(a) of the Federal Rules of Civil Procedure authorizes the court to consolidate actions which "involve a common question of law or fact." *See* FED. R. CIV. P. 42. Decisions regarding consolidation are discretionary. *Blue Cross Blue Shield of Massachusetts, Inc. v. BCS Ins. Co.*, 671 F.3d 635, 640 (7th Cir. 2011). The Court already considered whether consolidation of Plaintiff's pending cases comports with Rule 42(a) and promotes judicial efficiency. (*See* Doc. 17). The Court concluded that only four cases meet these criteria, and they were consolidated on May 14, 2020. (*Id*.). Plaintiff offers no reason for consolidating additional cases. The Court will not revisit the issue of consolidation at this time. To the extent the Court deemed it appropriate to consolidate any cases, it already did so.

The Third Amended Complaint is now subject to review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

---

[2] Because Plaintiff does not request any interim relief or refer to Federal Rule of Civil Procedure 65(a) or (b), the Court construes this request as one for injunctive relief *at the close of the case*.

**Third Amended Complaint**

According to the allegations in Plaintiff's Third Amended Complaint, Plaintiff was held in pretrial detention for twelve months at Marion County Law Enforcement Center ("Jail").  (Doc. 62, pp. 1-11).  During this time, Defendants allegedly conspired to keep Plaintiff in pretrial custody, they subjected him to unconstitutional conditions of confinement, they interfered with his legal mail, and they retaliated against him for filing grievances and suits.  (*Id*.).

**A.    Conspiracy to Detain**

Plaintiff was allegedly held without a trial on undisclosed charges for almost a year.  (*Id*. at 1).  During this time, he was "subject to provocations . . . to create reactions from plaintiff which would lead to additional criminal charges being filed against [him]."  (*Id*. at 2, 8).  He cites one specific example.  (*Id*. at 8).  Plaintiff pulled his wrist(s) away from Officer John Doe 1 on July 27, 2019, because the officer inflicted pain while cuffing him.  (*Id*.).  Plaintiff was charged with aggravated battery of an officer.  (*Id*.).  He would have been released from pretrial detention had he not been subject to the "manufactured" charge.  (*Id*.).  Instead, he was held in pretrial detention and ultimately tried on the new charge.  (*Id*. at 2).  Defendants conspired with one another and county/state officials to deprive Plaintiff of adequate representation and a fair trial.  (*Id*. at 9).

**B.    Conditions of Confinement**

While in pretrial detention, Defendants subjected Plaintiff to unconstitutional conditions of confinement.  Defendants placed Plaintiff in solitary confinement.  (*Id*. at 3).  For more than six months, he was held in a "detox cell," where he was forced to eat his meals, sleep on the concrete floor, deprived of outdoor exercise opportunities, and denied opportunities to attend church.[3]  (*Id*.

---

[3] Plaintiff does not allege that he is religious, and he brings no claim for the denial of the right to freely exercise his religion.  (*Id*. at 7).

at 7). He was denied basic hygiene/dental supplies and showers for four months. (*Id*.). Similarly situated inmates were provided with humane living conditions that included regular cells, normal beds, exercise opportunities, and healthcare access. (*Id*. at 9).

Defendants were well aware of Plaintiff's serious mental health conditions, which included suicidal ideations and a tendency to inflict self-harm. (*Id*. at 2). However, they denied him mental health and psychiatric treatment. (*Id*. at 2, 7). They treated Plaintiff's mental illness as a source of humor, even as his mental health obviously declined. (*Id*.). For example, when Plaintiff informed Officer Jane Doe that he was experiencing thoughts of suicide and self-harm on November 8, 2019, she simply disregarded his complaints. (*Id*. at 5).

Defendants were also aware of Plaintiff's serious health conditions, which included diabetes, high blood pressure, unexplained weight loss, and excruciating foot pain. (*Id*. at 5). They nevertheless refused to provide Plaintiff with physician-ordered blood sugar tests and medication for blood pressure, diabetes, open sores, and foot pain. (*Id*. at 7). Nurse Alexander acknowledged Plaintiff's need for treatment of these serious health conditions, but openly taunted him instead of providing necessary tests and treatment. (*Id*. at 3).

Defendants also denied Plaintiff dental care for painful and potentially disabling dental conditions. (*Id*. at 4). They withheld readily available dental hygiene supplies, treatment, and pain medication while expressing pleasure in Plaintiff's pain. (*Id*.).

**C.    Mail Interference**

Defendants opened Plaintiff's legal mail from the United States District Court and interfered with mail exchanged between him and his public defender. (*Id*. at 8).

**D.     Retaliation**

After Plaintiff filed grievances/suits to address his medical concerns with the Jail, NAACP, and federal court, Defendants expressed hostility toward him for doing so. (*Id*. at 8). Defendants denied him mental health treatment, medical care, and dental care, all in retaliation for filing grievances and suits. (*Id*. at 9).

The Court finds it convenient to organize the Third Amended Complaint into the following enumerated Counts:

**Count 1:**   Defendants conspired to prolong Plaintiff's pretrial detention at the Jail by manufacturing charges against him for aggravated assault of an officer stemming from an incident involving Officer John Doe 1 on July 27, 2019.

**Count 2:**   Defendants subjected Plaintiff to unconstitutional conditions of confinement at the Jail in violation of his rights under the Eighth and/or Fourteenth Amendment(s), by housing him in a detox cell/solitary confinement, forcing him to sleep on a concrete floor, requiring him to eat his meals there, and denying him exercise opportunities.

**Count 3:**   Defendants violated Plaintiff's right to equal protection of the law under the Fourteenth Amendment by denying humane living conditions provided to other similarly situated inmates.

**Count 4:**   Defendants violated Plaintiff's rights under the Eighth and/or Fourteenth Amendment(s) when they denied him mental health and psychiatric treatment at the Jail.

**Count 5:**   Defendants violated Plaintiff's rights under the Eighth and/or Fourteenth Amendment(s) when they denied him medical care for diabetes, high blood pressure, weight loss, and foot pain at the Jail.

**Count 6:**   Defendants violated Plaintiff's rights under the Eighth and/or Fourteenth Amendment(s) when they denied him dental care, including dental hygiene products for at least four months and basic dental care for conditions that resulted in complaints of pain during his entire detention at the Jail.

**Count 7:**   Defendants retaliated against Plaintiff for filing grievances and suits about the conditions of his confinement by denying him mental health, medical, and dental care.

**Count 8:**   Defendants interfered with Plaintiff's mail in violation of his rights under the First and/or Fourteenth Amendment(s).

**Any claim that is mentioned in the Third Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[4]

### Count 1

Count 1 does not satisfy basic pleading requirements and shall be dismissed without prejudice. *See* FED. R. CIV. P. 8(a)(2) (requiring short and plain statement showing pleader is entitled to relief). Plaintiff's claim for "manufactured" criminal charges is undeveloped. Plaintiff is required to set forth allegations which state a plausible—as opposed to a possible—claim for relief. *See Twombly*, 550 U.S. 544, 556 (2007). He instead relies on vague allegations and conclusory assertions to support his claims against Officer John Doe 1 and Defendants for conspiring to prolong his detention by fabricating charges against him. This is not enough to survive preliminary review at screening. *See Brooks v. Ross*, 578 F.3d 574 (7th Cir. 2009) (a court need not accept as true "legal conclusion[s, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements").

A review of public records also reveals that Plaintiff was convicted of aggravated battery of an officer in Marion County, Illinois, Case No. 19-CF-279 and is currently serving a seven year sentence. *See* https://www2.illinois.gov/idoc/offender/pages/inmatesearch.aspx (site last visited Jan. 15, 2021). *See also Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases)). His claim for money damages in Count 1 arising from the same conviction is barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that a Section 1983 suit for money damages that would necessarily imply the invalidity of an inmate's conviction or the length of his sentence is not cognizable under Section 1983, unless and

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

until the inmate obtains a favorable termination of a state or federal habeas challenge to the conviction or sentence. *See also Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020) (citing *Nelson v. Campbell*, 541 U.S. 637, 646 (2004)). Having failed to obtain a favorable termination of any challenge to his conviction, Plaintiff's claim in Count 1 is dismissed without prejudice.

### Counts 2 through 7

Counts 2, 4, 5, and 6 are governed by the Fourteenth Amendment Due Process Clause and use an objective reasonableness standard. *See McCann v. Ogle Cty., Illinois*, 909 F.3d 881 (7th Cir. 2018); *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018); *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019); *Mays v. Dart*, 974 F.3d 810 (7th Cir. 2020) (articulating different standards for conditions claims brought by pretrial detainees and prisoners). The allegations suggest that Defendants responded to Plaintiff's conditions of confinement (Count 2), mental health (Count 4), medical conditions (Count 5), and dental needs (Count 6) in an objectively unreasonable manner. Accordingly, these claims shall proceed against Defendants.

Count 3 is governed by the Fourteenth Amendment Equal Protection Clause and shall proceed as a class-of-one claim. A claim of discrimination generally requires a plaintiff to show: (1) he is a member of a protected class; (2) he is otherwise similarly situated to members of the unprotected class; and (3) he was treated differently than members of the unprotected class. *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993). Plaintiff makes no such claim. However, the Seventh Circuit Court of Appeals also allows equal protection claims to proceed on a "class-of-one" theory. *Id.* Absent discrimination based on membership in a protected class, an equal protection claim may arise where a plaintiff is treated differently from other prisoners with no rational basis. *Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016). Plaintiff maintains that he was singled out and subjected to inhumane conditions of confinement unlike any

other inmate at the Jail for no reason. Count 3 shall proceed as a "class-of-one" equal protection claim against Defendants.

Count 7 is governed by the First Amendment, which requires a plaintiff bringing a retaliation claim to demonstrate that (1) he engaged in constitutionally protected speech; (2) he suffered a deprivation likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendants' actions. *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005, 1012 (7th Cir. 2002) ("[A] plaintiff alleging retaliation must reference, at a minimum, the suit or grievance spawning the retaliation and the acts constituting the retaliatory conduct."). The allegations suggest that Plaintiff's lawsuits filed in this Court led to retaliation by the defendants, who denied him mental health treatment, medical care, and dental care in an effort to deter litigation. Accordingly, Count 7 shall receive further review.

**Count 8**

Count 8 is undeveloped. Plaintiff merely alludes to interference with his mail by the defendants. He does not indicate when, by whom, or how often the mail interference occurred. Moreover, Plaintiff is already pursuing several mail interference claims in another lawsuit pending in this district. *See Ezebuiroh v. Doe 1*, Case No. 20-cv-00157-JPG (S.D. Ill. filed Feb. 20, 2020). Count 8 is dismissed without prejudice for failure to state a claim.

**Identification of Unknown Defendants**

Plaintiff shall be allowed to proceed with his claims against C/O John Doe 1, C/O Jane Doe 1, and C/O John/Jane Doe. However, he must identify these unknown defendants with particularity before service of the Third Amended Complaint can be made on them. Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of these individuals. *Rodriguez*, 577 F.3d at 832. Jail Administrator Kenny Benzing (official capacity) will be

responsible for responding to this discovery. Once the names are discovered, Plaintiff must file a motion to substitute each newly-identified defendant in place of the unknown defendants.

## Disposition

**IT IS ORDERED** that Plaintiff's request to consolidate additional cases is **DENIED.**

**IT IS ORDERED** that the Third Amended Complaint (Doc. 62) survives screening, as follows: **COUNTS 2, 3, 4, 5, 6,** and **7** will proceed against **ALL DEFENDANTS** in their individual capacities. **COUNTS 1** and **8** are **DISMISSED** without prejudice for failure to state a claim for relief. **Because this suit addresses one or more medical claims, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that Defendant **KENNY BENZING** remains named in his individual *and* official capacities, and he shall respond to discovery aimed at identifying the unknown defendants and implement any injunctive relief that is ordered herein. The **OFFICIAL CAPACITY** claims against all other defendant are **DISMISSED.**

The Clerk of Court shall prepare for Defendants **KENNY BENZING (in his individual and official capacities), ANDY GARDNER, RICH STEVENSON, ALLISON ALEXANDER,** and, once identified, **C/O JOHN DOE 1, C/O JANE DOE 1,** and **C/O JANE/JOHN DOE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Third Amended Complaint (Doc. 62), and this Memorandum and Order to each Defendant's place of employment. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will

require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on Defendants **C/O JOHN DOE 1, C/O JANE DOE 1,** and **C/O JOHN/JANE DOE** until Plaintiff has identified these individuals by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address of these individuals.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Third Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS SO ORDERED**.

**DATED: 1/19/2021**　　　　　　　　　　　　s/J. Phil Gilbert
　　　　　　　　　　　　　　　　　　　　　　　　**J. PHIL GILBERT**
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**